81,750-02,03

November 1st, 2015

TO: The Criminal Court
of Appeals of Texas
P.O. Box 12308 Capital Station,
Austin, Tx 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS
NOV 04 2015
Abel Acosta, Clerk

RE: WR-81,750,-02
& WR-81,750-03

Dear Mr. Acosta,

I am writing you in regards
of my current situation. The
Criminal court of appeals gave the
8th Judicial Distric court of Hopkins
County, Texas, a 90 day period
to file the findings of fact and
conclusion of law (which was due
October 27th, 2015)
The court of appeals also ordered
the trial court to have trial counsel
respond to applicant's claim of
ineffective assistance of counsel.

The court of appeals ordered that Counsel shall specifically state whether the police officers in their affidavits in support of the arrest warrant falsely stated that they had witnessed the actual transfer of drugs between Applicant and the Confidential informant.

The court of appeals also ordered that Counsel shall state whether he Considered requesting a Franks hearing of filing a motion to suppress on this basis.

It is appellants Contention that Volume 5 pages 173-176 of the trial transcripts, trial Counsel Wade R. Forsman argued that the Accusation against the defendant was false see Volume 5 page 173 lines 13-25 of the trial transcripts.

It is appellants Contention that Volume 5 page 175 lines 18-25 trial counsel mention the state Claiming an actual transfer was made to "CI" John Ellis

However, trial counsel did not pursue the case under Franks v. Delaware, 438 U.S. 154 (1978) and challenge the affidavit that was use to obtain a warrant for applicants arrest, and because of this matter trial counsel rendered himself ineffective.

I would like to know what needs to be done to make trial court comply with the appeals court written order, or has the trial court ask for a time extension?

I thank you in advance for your attention to this request.

Sincerely True,

Graylon Levey